FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 OCT 20  AM 8:20



# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| RADIANCE CAPITAL, LLC, | ) | No. 71042-7-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| NICHOLAS W. BARTZ, | ) | UNPUBLISHED OPINION |
| Appellant. | ) | FILED: <u>October 20, 2014</u> |

SPEARMAN, C.J. —Nicholas Bartz appeals the trial court's denial of his motion to dismiss for lack of personal jurisdiction under CR 12(b)(2). Finding no error, we affirm.

## FACTS

Nicholas Bartz is a resident of Michigan. He was the managing member of Health Pro Solutions, LLC (HPS), a now defunct Nevada LLC. HPS was doing business in Arizona when it sought financing from an Arizona broker to purchase equipment. The broker found financing through Radiance Capital, LLC (Radiance), a Washington limited liability company. In May 2008, HPS and Radiance entered into an Equipment Financing Agreement (Agreement). According to the terms of the Agreement, Radiance advanced $43,466.18 to HPS for the purchase of office furniture and electronic equipment. HPS was the

sole debtor; Bartz signed the Agreement on behalf of HPS in his capacity as Managing Member. Bartz also signed a Personal Guarantee (Guarantee) in which he "promise[d] to make all of the payments and perform all Debtors'(sic) obligations as specified" in the Agreement. Clerk's Papers (CP) at 55.

The Agreement contained a clause in which the parties agreed to submit to personal jurisdiction of the King County Superior Court. Paragraph 26 of the Agreement, titled "Choice of Law; Waiver of Jury Trial," reads:

> THIS AGREEMENT SHALL BE DEEMED FULLY EXECUTED AND PERFORMED IN THE STATE OF WASHINGTON AND SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS THEREOF WITHOUT REGARD TO THE CONFLICTS OF LAWS RULES OF SUCH STATE. DEBTOR AGREES TO SUBMIT TO THE JURISDICATION (sic) OF THE STATE OF WASHINGTON IN KING COUNTY. EACH CREDITOR AND DEBTOR HEREBY WAIVES ANY RIGHT TO TRIAL BY JURY OF ANY ACTION INVOLVING THIS AGREEMENT. CP at 59.

The Agreement also included a "Schedule 'A' to the Equipment Financing Agreement" (Schedule A) that listed payment terms and information about the collateral. The Guarantee was located on the same page as Schedule A, but did not contain any reference to jurisdiction, venue or dispute resolution.

HPS defaulted on the Agreement and Radiance filed suit in King County, Washington against HPS and Bartz under the Agreement and the Guarantee. Radiance filed a motion for summary judgment on the amount owed and Bartz moved to dismiss for lack of personal jurisdiction. The trial court granted Radiance's motion for summary judgment and denied Bartz's motion to dismiss. Bartz appeals.

## DISCUSSION

If, as in this case, the trial court has ruled on personal jurisdiction based on the pleadings and the undisputed facts, its determination is a question of law that we review de novo.[1] Outsource Srvcs. Mgmt., LLC v. Nooksack Bus. Corp., 172 Wn. App. 799, 807, 292 P.3d 147 (2013) rev. granted, 177 Wn.2d 1019 (2013) aff'd, 2014 WL 4108073, __ P.3d.__ (2014). Similarly, contract interpretation that does not depend on the use of extrinsic evidence is also a question of law reviewed de novo. State v. R.J. Reynolds Tobacco Co., 151 Wn. App. 775, 783, 211 P.3d 448 (2009).

### Consent to Jurisdiction

Bartz contends that the trial court erred in denying his motion to dismiss because he did not personally agree to submit to jurisdiction of the Washington courts. He points out that only the Agreement, which he signed solely in his official capacity as managing member of HPS, contained language agreeing to jurisdiction. The Guarantee, which he signed in his personal capacity, contained no such language. Radiance argues that the Guarantee is part of the Agreement and all of the terms of the Agreement apply to the guarantor.

We disagree with Radiance and find that the Guarantee and the Agreement are separate contracts. "[A] guaranty is a separate legal undertaking

---

[1] We reject Radiance's contention that the appropriate standard of review is whether the trial court abused its discretion. The argument assumes that the issue before us is the validity of the forum selection clause. This case turns on whether Bartz consented to jurisdiction under the terms of the Agreement and the Guarantee, not whether the forum selection clause is enforceable. Although on appeal, Bartz initially challenged the validity of the forum selection clause, in his reply, he appears to acknowledge that the language of the Guarantee and the Agreement's consent to jurisdiction clause are the dispositive issues.

from the principal obligor's undertaking on a note." Freestone Capital Partners
L.P. v. MKA Real Estate Opportunity Fund I, LLC, 155 Wn. App. 643, 660, 230
P.3d 625 (2010). In Freestone, we found that the out-of-state guarantors were
not bound by a choice of law provision contained only in the promissory notes
and amendments. Id at 661. The guarantees did not incorporate any of the terms
of the notes, nor did they mention a choice of law. Id. The trial court apparently
bound the guarantors to the choice of law provisions based solely on the fact that
the guarantees were subjoined to the notes. Id. at 660. This court reversed,
indicating that they "ha[d] found no persuasive authority" for extending the terms
of the notes to the guarantees, just because they were located on the same
page. Id. We held that:

> 'The debtor is not a party to the guaranty, and the guarantor is not a
> party to the principal obligation. The undertaking of the former is
> independent of the promise of the latter; and the responsibilities
> which are imposed by the contract of guaranty differ from those
> which are created by the contract to which the guaranty is
> collateral. *The fact that both contracts are written on the same
> paper or instrument does not affect the independence or
> separateness of the one from the other.*'

Id., quoting Robey v. Walton Lumber Co., 17 Wn.2d 242, 255, 135 P.2d
95 (1943). The guarantees and the notes were "two separate obligations
were undertaken by different parties." Freestone, 155 Wn. App. at 661.

Applying similar reasoning, the Ninth Circuit found a guarantees to be
separate from the underlying contract and declined to apply a guarantee's choice

4

of law provision to the corporate debtor's underlying note.[2] Shannon-Vail Five Inc. v. Bunch, 270 F.3d 1207, 1211 (9th Cir. 2001). The circuit court stated that "a guarantee is a separate undertaking in which the principal obligor does not join, and a guarantee exists independent of the original obligations between the principal obligor and the obligee." Id.

The Guarantee that Bartz signed is located on the bottom of the page containing Schedule A. Schedule A includes terms that apply only to the creditor and the debtor. The Agreement only refers to Schedule A in the sections addressing the debtor's terms of repayment and the collateral. There is no mention of the Guarantee or the existence of any guarantors in the Agreement or in Schedule A.

Radiance cites no authority for its position that either Schedule A or the Agreement includes the Guarantee. The Guarantee happens to be printed on the same page as Schedule A. Bartz, as personal guarantor, "guarantee[d] and promise[d] to make all of the payments and perform all Debtors'(sic) obligations as specified in this Equipment Financing Agreement." CP at 61. The terms of the Agreement are not incorporated into the Guarantee by any reference. Only Schedule A incorporates the terms of the Agreement by reference. Schedule A is part of the Agreement; the Guarantee is a separate legal undertaking from both the Agreement and its appurtenant Schedule A.

---

[2] The Shannon-Vail guarantees contained an express provision stating that "[g]uarantor acknowledges that its obligations hereunder are independent of the obligations of the Borrower," and the choice of law provision contained limiting language – "[t]his Guarantee shall be governed by and construed in accordance with the law of the state of Nevada." Id.

Next, we look to the language of the Guarantee to determine whether Bartz is subject to the Agreement's consent to jurisdiction clause. It is undisputed that Bartz promised to "make all payments and perform all Debtors'(sic) obligations as specified" in the Agreement. CP at 61. The parties disagree about what "obligations" Bartz assumed by signing the Guarantee. The term "obligation" is not defined in either the Agreement or the Guarantee. Bartz argues that his obligations under the Guarantee include only the tasks or debts related to the advance and the collateral. Radiance argues that all of the terms of the Agreement, not just the terms related to payments and collateral, are Bartz's obligations under the language of the Guarantee.

As a matter of law, however, the language of the Guarantee established an affirmative duty and an "obligation" of the debtor to submit to the jurisdiction of King County and the State of Washington. See Republic Int'l. Corp. v. Amco Engineers, Inc., 516 F.2d 161, 168, n.11 (9th Cir. 1975). In that case the ninth circuit found that assignees of a contract, who agreed to "'do every act and thing necessary to perform all of the conditions of said contracts,'" were bound by the original contract's consent-to-jurisdiction clause. Id. The original contract's clause stated that "[f]or the purposes of this contract, the contracting parties place themselves under the jurisdiction and competence of the courts of the Republic of Uruguay." Id., at n.11. The assignees claimed that their assignment contract changed the forum by requiring disputes to be decided under Delaware law. The circuit court disagreed and held that the assignees had "agreed to assume [assignor's] obligations under the contracts; among those obligations was the

6

promise to submit to the jurisdiction of the Uruguayan courts." Id. at 169. The assignment contract's Delaware forum selection clause applied only to disputes between the assignor and assignee. Id.

We agree with the Ninth Circuit's reasoning and find that Bartz's guarantee of "all Debtors' obligations" included the duty to submit to jurisdiction. In a stand-alone sentence, without any limiting language, the Agreement states "DEBTOR AGREES TO SUBMIT TO THE JURISDICATION (sic) OF THE STATE OF WASHINGTON IN KING COUNTY." CP at 59. The language of the Guarantee specifically refers to making "all of the payments and perform[ing] all Debtors' obligations" (emphasis added), indicating that the Guarantor is responsible for additional obligations as well as making payments under the Agreement. CP at 59. Among those obligations was the promise to submit to jurisdiction in King County, Washington. By signing the Guarantee, Bartz consented to the jurisdiction of the King County Superior Court.

Bartz directs the court to other language in the Agreement as evidence that his "obligations" do not include submitting to jurisdiction. He cites paragraph 14, which reads "If Debtor fails to perform any of its obligations hereunder, Creditor may perform such obligations . . . ." CP at 58. Based on this provision, Bartz argues consenting to jurisdiction is not an "obligation" he agreed to undertake because it would make no sense for the creditor to consent to jurisdiction on behalf of the debtor. We disagree. Paragraph 14 sets forth the creditor's right to perform any obligations upon the debtor's failure and demand reimbursement and costs. It does not serve to define "obligations" by implication,

7

nor does it create an inconsistency that would limit the debtor's duties to those tasks that can be performed by the creditor to protect the collateral. Bartz guaranteed all of the debtor's obligations as specified in the agreement, including the promise to consent to jurisdiction.

We affirm the trial court's denial of Bartz's motion to dismiss.[3] As the prevailing party in this appeal, Radiance is entitled to fees and costs under RAP 18.1 and the Guarantee.

Affirmed.

WE CONCUR:

Spearman, C.J.

Trickey, J.

---

[3] The parties also argued for and against jurisdiction under the Washington long-arm statute. Because we affirm the trial court's decision based on the contracts, we do not reach the question of statutory jurisdiction.